☒ FILED   ☐ LODGED

**May 5 2023**

CLERK U.S. DISTRICT COURT
DISTRICT OF ARIZONA

1  GARY M. RESTAINO
   United States Attorney
2  District of Arizona
   KELLY CAVANAUGH
3  Assistant U.S. Attorney
   United States Courthouse
4  405 W. Congress Street, Suite 4800
   Tucson, Arizona 85701
5  Telephone: 520-620-7300
   Email: kelly.cavanaugh@usdoj.gov
6  Attorneys for Plaintiff

7                IN THE UNITED STATES DISTRICT COURT

8                    FOR THE DISTRICT OF ARIZONA

9

10  United States America,              | CR 22-2775-TUC-JGZ (DTF)

11              Plaintiff,

12      vs.                             | PLEA AGREEMENT

13  Gerardo Hernandez,                  | (Fast Track §5K3.1/
                                         | Government Savings §5K2.0)
14              Defendant.

15

16      The United States of America and the defendant agree to the following disposition

17  of this matter:

18                              PLEA

19      1.      The defendant agrees to plead guilty to an Information charging the

20  defendant with a felony violation of 21 U.S.C. §§ 952(a), 960(a)(1) and 960(b)(3),

21  Importation of Fentanyl. The Indictment will be dismissed at the time of sentencing.

22                      ELEMENTS OF THE CRIME

23      2.      The elements of the offense are as follows:

24          a.      The defendant knowingly brought fentanyl into the United States; and

25          b.      The defendant knew that it was fentanyl and or some other prohibited

26  drug.

27

28  ///

1  As a sentencing factor, the government would be required to prove the quantity of
2  fentanyl imported.

3  Maximum Penalties

4  3.    The defendant understands that the maximum penalties for the offense to
5  which he/she is pleading are a fine of $1,000,000.00, a maximum term of 20 years
6  imprisonment, or both, and a term of between three (3) years and lifetime supervised
7  release.

8  4.    The defendant agrees to pay a fine unless the defendant establishes the
9  applicability of the exceptions contained in § 5E1.2(e) of the Sentencing Guidelines.

10  5.    Pursuant to 18 U.S.C. § 3013, the defendant shall pay a special assessment
11  of $100.00 per felony count.  The special assessment is due and payable at the time the
12  defendant enters the plea of guilty, and shall be paid no later than the time of sentencing
13  unless the defendant is indigent.  If the defendant is indigent, the special assessment will
14  be collected according to the provisions of Chapters 227 and 229 of Title 18, United States
15  Code.

16  Drug Conviction & Immigration Consequences

17  6.    The defendant understands and acknowledges that pleading guilty may result
18  in the termination or denial of certain food stamp, social security, and other benefits for
19  defendant and the defendant's immediate family pursuant to 21 U.S.C. §§ 862 and 862a.

20  7.    The defendant recognizes that pleading guilty may have consequences with
21  respect to his/her immigration status if the defendant is a recently naturalized United States
22  citizen or is not a citizen of the United States.  Under federal law, a broad range of crimes
23  are removable offenses, including the offense(s) to which defendant is pleading guilty.
24  Although there may be exceptions, the defendant understands that the defendant's guilty
25  plea and conviction for this offense make it practically inevitable and a virtual certainty
26  that the defendant will be removed or deported from the United States.  The defendant
27  agrees that he/she has discussed this eventuality with his/her attorney.  The defendant
28  nevertheless affirms that he/she wants to plead guilty regardless of any immigration

- 2 -

1  consequences that this plea entails, even if the consequence is the defendant's automatic
2  removal from the United States.

3              STIPULATIONS, TERMS AND AGREEMENTS
4                  Agreements Regarding Sentencing
5       8.    Guideline Calculations: Although the parties understand that the Guidelines
6  are only advisory and just one of the factors the Court will consider under 18 U.S.C.
7  § 3553(a) in imposing a sentence, pursuant to Rule 11(c)(1)(C), Fed. R. Crim. P., the parties
8  stipulate and agree that the following guideline calculations are appropriate for the charge
9  for which the defendant is pleading guilty should the Court find that the defendant was an
10  average participant in the offense:

11       Base Offense Level              2D1.1(c)(1)        38
12       (36+ kg fentanyl)

13       Safety Valve*                   2D1.1(b)(18)      -2/0
14                                       [18 U.S.C. §3553(f)]
15       Acceptance of Responsibility    3E1.1(a) & (b)     -3
16       Early Disposition/Government Savings  5K3.1/5K2.0    -4
17               Total Adjusted Offense Level:           27/29

18       *Safety Valve: Pursuant to Fed. R. Crim. P. 11(c)(1)(B) and (C), the United States
19  and the defendant stipulate that the defendant shall receive a two-level reduction in the
20  guideline offense level if the defendant meets all five criteria required for the defendant's
21  eligibility for the "safety valve" reduction pursuant to the United States Sentencing
22  Guidelines §§ 2D1.1(b)(18) and 5C1.2(a). However, if the defendant is ineligible under
23  the United States Sentencing Guidelines, but qualifies for "safety valve" under the
24  expanded Safety Valve Relief under the First Step Act pursuant to 18 U.S.C. § 3553(f),
25  then the United States will recommend that the defendant receive a two-level downward
26  variance pursuant to 18 U.S.C. § 3553(a). In exchange for the recommendation, the
27  defendant agrees to not seek a further reduced sentence pursuant to 18 U.S.C. § 3582(c) if
28  the United States Sentencing Commission amends Section 5C1.2 to reflect the safety valve

1  provisions under the First Step Act and makes that amendment retroactive. If the defendant
2  is not eligible for "safety valve" relief under the guidelines or under the First Step Act, then
3  the parties agree that this particular provision will be void and all other provisions of this
4  plea agreement shall remain in full force and effect.

5        9.    <u>Sentencing Agreement if Defendant is Safety Valve Eligible</u>:  Pursuant to
6  U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the
7  defendant stipulate and agree that the following are the applicable guideline ranges for the
8  offense, if the defendant is eligible for "safety valve" as set forth above in paragraph 8:

9        70 to 87 months imprisonment if defendant's Criminal History Category is I;
10       78 to 97 months imprisonment if defendant's Criminal History Category is II;
11       87 to 108 months imprisonment if defendant's Criminal History Category is III;
12       100 to 125 months imprisonment if defendant's Criminal History Category is IV;
13       120 to 150 months imprisonment if defendant's Criminal History Category is V;
14       130 to 162 months imprisonment if defendant's Criminal History Category is VI.

15       a.    The defendant may withdraw from the plea agreement if he/she
16 receives a sentence in excess of the stipulated ranges listed above.

17       b.    If the defendant moves for any adjustments in Chapters Two, Three
18 or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines,
19 the government may withdraw from this agreement with the exception of a mitigating role
20 adjustment under U.S.S.G. § 3B1.2.

21       c.    If the defendant argues for a variance under 18 U.S.C. § 3553(a) in
22 support of a sentence request below the stipulated ranges in this agreement, the government
23 may oppose the requested variance. The government will not withdraw from the agreement
24 if the defendant argues for a variance below the stipulated range in this agreement or if the
25 court grants such a variance.

26       10.    <u>Sentencing Agreement if Defendant is Not Safety Valve Eligible</u>:  Pursuant
27 to U.S.S.G., § 5K3.1, and Fed. R. Crim. P., Rule 11(c)(1)(C), the government and the
28 defendant stipulate and agree that the following are the applicable guideline ranges for the

- 4 -

1   offense, if the defendant is not eligible for sentencing under the provisions of paragraph 9

2   because the defendant has not met the eligibility requirements of "safety valve" (as

3   described above in paragraph 8):

4          87 to 108 months imprisonment if defendant's Criminal History Category is I;

5          97 to 121 months imprisonment if defendant's Criminal History Category is II;

6          108 to 135 months imprisonment if defendant's Criminal History Category is III;

7          121 to 151 months imprisonment if defendant's Criminal History Category is IV;

8          140 to 175 months imprisonment if defendant's Criminal History Category is V;

9          151 to 188 months imprisonment if defendant's Criminal History Category is VI.

10        a.   The defendant may withdraw from the plea agreement if he/she

11   receives a sentence in excess of the stipulated ranges listed above.

12        b.   If the defendant moves for any adjustments in Chapters Two, Three

13   or Four of the Sentencing Guidelines or any "departures" from the Sentencing Guidelines,

14   the government may withdraw from this agreement with the exception of a mitigating role

15   adjustment under U.S.S.G. § 3B1.2.

16        c.   If the defendant argues for a variance under 18 U.S.C. § 3553(a) in

17   support of a sentence request below the stipulated ranges in this agreement, the government

18   may oppose the requested variance. The government will not withdraw from the agreement

19   if the defendant argues for a variance below the stipulated range in this agreement or if the

20   court grants such a variance.

21        11.   The defendant understands that if the defendant violates any of the conditions

22   of the defendant's supervised release, the supervised release may be revoked.  Upon such

23   revocation, notwithstanding any other provision of this agreement, the defendant may be

24   required to serve a term of imprisonment or the defendant's sentence may otherwise be

25   altered.

26        12.   The defendant and the government agree that this agreement does not in any

27   manner restrict the actions of the government in any other district or bind any other United

28   States Attorney's Office.

13.     The defendant understands and agrees to cooperate fully with the United States Probation Office in providing (a) all criminal history information, i.e., all criminal convictions as defined under the Sentencing Guidelines; (b) all financial information, i.e., present financial assets or liabilities that relate to the ability of the defendant to pay a fine or restitution; (c) all history of drug abuse which would warrant a treatment condition as part of sentencing; and (d) all history of mental illness or conditions which would warrant a treatment condition as part of sentencing.

14.     If the Court, after reviewing this plea agreement, concludes any provision is inappropriate, it may reject the plea agreement pursuant to Rule 11(c)(5), Fed. R. Crim. P., giving the defendant, in accordance with Rule 11(d)(2)(A), Fed. R. Crim. P., an opportunity to withdraw defendant's guilty plea.

Forfeiture

15.     Nothing in this plea agreement shall be construed to protect the defendant from civil forfeiture proceedings or prohibit the United States from proceeding with and/or initiating an action for civil forfeiture. Further, this agreement does not preclude the United States from instituting any civil proceedings as may be appropriate now or in the future.

Waiver of Defenses and Appeal Rights

16.     Provided the defendant receives a sentence in accordance with this fast-track plea agreement, the defendant waives (1) any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the indictment or information; and (2) any right to file an appeal, any collateral attack, and any other writ or motion that challenges the conviction, an order of restitution or forfeiture, the entry of judgment against the defendant, or any aspect of the defendant's sentencing-including the manner in which the sentence is determined, the determination whether defendant qualifies for "safety valve" (U.S.S.G. § 5C1.2 and 18 U.S.C. § 3553(f)), and any sentencing guideline determinations. The sentence is in accordance with this agreement if the sentence imposed does not exceed 162 months imprisonment if the District Court determines the defendant is "safety valve" eligible or 188 months imprisonment if the District Court

- 6 -

determines the defendant is not "safety valve" eligible.  The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant under Title 18, United States Code, Section 3742 (sentence appeals); (3) any right to appeal the district court's refusal to grant a requested variance; (4) any right to collaterally attack defendant's conviction and sentence under Title 28, United States Code, Section 2255, or any other collateral attack; and (5) any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c) (except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A) and to appeal the denial of such a motion).  The defendant acknowledges that this waiver shall result in the dismissal of any appeal or collateral attack the defendant might file challenging his/her conviction or sentence in this case.  If the defendant files a notice of appeal or a habeas petition, notwithstanding this agreement, defendant agrees that this case shall, upon motion of the government, be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the government to withdraw from the plea agreement.  This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

### Reinstitution of Prosecution

17.     Nothing in this agreement shall be construed to protect the defendant in any way from prosecution for perjury, false declaration or false statement, or any other offense committed by the defendant after the date of this agreement.  In addition, if the defendant commits any criminal offense between the date of this agreement and the date of sentencing, the government will have the right to withdraw from this agreement.  Any information, statements, documents and evidence which the defendant provides to the United States pursuant to this agreement may be used against the defendant in all such proceedings.

/ / /

- 7 -

If the defendant's guilty plea is rejected, withdrawn, vacated, or reversed by any court in a later proceeding, the government will be free to prosecute the defendant for all charges as to which it has knowledge, and any charges that were dismissed because of this plea agreement will be automatically reinstated. In such event, the defendant waives any objections, motions, or defenses based upon the Speedy Trial Act or the Sixth Amendment to the Constitution as to the delay occasioned by the later proceedings. Defendant agrees that the stipulated sentencing ranges set forth under "Agreements Regarding Sentence" will not be offered if prosecution is re-instituted.

Plea Addendum

18.     This written plea agreement, and any written addenda filed as attachments to this plea agreement, contain all the terms and conditions of the plea. Any additional agreements, if any such agreements exist, shall be recorded in a separate document and may be filed with the Court under seal. Accordingly, additional agreements, if any, may not be in the public record.

WAIVER OF DEFENDANT'S RIGHTS AND FACTUAL BASIS

Waiver of Rights

I have read each of the provisions of the entire plea agreement with the assistance of counsel and understand its provisions. I have discussed the case and my constitutional and other rights with my attorney. I understand that by entering my plea of guilty I will be giving up my right to plead not guilty; to trial by jury; to confront, cross-examine, and compel the attendance of witnesses; to present evidence in my defense; to remain silent and refuse to be a witness against myself by asserting my privilege against self-incrimination; all with the assistance of counsel; to be presumed innocent until proven guilty beyond a reasonable doubt; and to appeal.

I agree to enter my guilty plea as indicated above on the terms and conditions set forth in this agreement.

I have been advised by my attorney of the nature of the charge to which I am entering my guilty plea. I have been advised by my attorney of the nature and range of the possible

1  sentence, and that I will not be able to withdraw my guilty plea if I am dissatisfied with the

2  sentence the court imposes.

3       My guilty plea is not the result of force, threats, assurances or promises other than

4  the promises contained in this agreement.  I agree to the provisions of this agreement as a

5  voluntary act on my part, rather than at the direction of or because of the recommendation

6  of any other person, and I agree to be bound according to its provisions.  I agree that any

7  Sentencing Guidelines range referred to herein or discussed with my attorney is not binding

8  on the Court and is merely an estimate.

9       I agree that this written plea agreement contains all the terms and conditions of my

10  plea and that promises made by anyone (including my attorney) that are not contained

11  within this written plea agreement are without force and effect and are null and void.

12       I am satisfied that my defense attorney has represented me in a competent manner.

13       I am not now on or under the influence of any drug, medication, liquor, or other

14  intoxicant or depressant, which would impair my ability to fully understand the terms and

15  conditions of this plea agreement.

16                    Factual Basis and Relevant Conduct

17       I further agree that the following facts accurately describe my conduct in connection

18  with the offense to which I am pleading guilty and that if this matter were to proceed to

19  trial the government could prove the elements of the offense beyond a reasonable doubt:

20       On or about December 4, 2022, at or near Nogales, in the District of Arizona,
21  I, Gerardo Hernandez, entered the United States from the Republic of Mexico
     via the Mariposa Port of Entry.  I was a passenger in a 2003 Dodge Caravan.
22  The vehicle contained 49.9 kilograms of fentanyl concealed inside the front
     and rear seats.  I knew the vehicle contained a controlled substance when I
23  entered the United States and I admit the controlled substance was fentanyl.

24  6April 23
25  _____                          _____ for
    Date                                 Gerardo Hernandez
26                                       Defendant

27

28  / / /

-9-

## DEFENSE ATTORNEY'S APPROVAL

I have discussed this case and the plea agreement with my client in detail and have advised the defendant of all matters within the scope of Rule 11, Fed. R. Crim. P., the constitutional and other rights of an accused, the factual basis for and the nature of the offense to which the guilty plea will be entered, possible defenses, and the consequences of the guilty plea, including the defendant's waiver of the right to appeal. No assurances, promises, or representations have been given to me or to the defendant by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the plea as indicated above and on the terms and conditions set forth in this agreement as in the best interests of my client. I agree to make a bona fide effort to ensure that the guilty plea is entered in accordance with all the requirements of Rule 11, Fed. R. Crim. P.

6April23
_____
Date

_Thomas E. Higgins_
Thomas E. Higgins Jr., Esq.
Attorney for Defendant

## GOVERNMENT'S APPROVAL

I have reviewed this matter and the plea agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

GARY M. RESTAINO
United States Attorney
District of Arizona

KELLY
CAVANAUGH
Digitally signed by KELLY
CAVANAUGH
Date: 2023.04.06 11:30:26
-07'00'

_____
Date

KELLY CAVANAUGH
Assistant U.S. Attorney

- 10 -